## Fannie Hawes Dunn v. G. E. and J. I. Dunn.

(Decided November 11, 1924.)

## Appeal from Ballard Circuit Court.

1. Vendor and Purchaser—Extension of Time to One Assuming Indebtedness did Not Release Lien on Land of Original Debtor.—Where land was sold and lien retained on tract and part of tract was resold and vendee assumed debt with consent of original vendor, extension of time of payment of indebtedness to second vendee did not release lien on part of land reatined by original vendee, original vendor having retained vendee's note.

2. Vendor and·Purchaser—Vendee Cannot Require Vendor to Accept Indemnifying Bond and Release Land from Lien.—Vendee, who has resold part of the land to another who has assumed indebtedness, cannot compel vendor to surrender lien on part of tract retained by him by furnishing indemnifying bond in any amount, though vendor's condition would be thereby bettered.

D. JOHNSON for appellant.

JOHN B. WICKLIFFE for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

In October, 1916, Fannie Hawes Dunn sold and conveyed several contiguous tracts of land, aggregating 586 acres. The deferred payments were evidenced by notes of different amounts, and with one exception each was secured by a lien on a separate tract, the last maturing October 9th, 1921; the purpose being to permit the vendees to sell and convey the land in parcels and have the several liens thereon released upon the payment of the purchase money on the particular tracts.

At the maturity of the last note the purchase money had been paid with the exception of $6,000.00, which was secured by a lien on two of the tracts named, which contained about two hundred acres; of these two tracts 180 acres had been sold to one Page, who assumed the $6,000.00 indebtedness as part of the consideration, thus leaving twenty acres on which the original lien existed. Fannie Hall Dunn agreed to this, but it does not appear that she ever surrendered her original note or accepted Page's note in settlement of the original obligation. However, she did not desire to collect this debt, and without

consulting her vendee gave to Hall an extension of time on his note.

At that time all of the lands had been sold with the exception of the 140 acres which were owned and held by G. E. Dunn, one of the original vendees. These consisted of the twenty acres above mentioned and an adjoining tract of one hundred and twenty acres. The latter had been encumbered by a lien to secure the purchase money note of $5,000.00. This was paid by Dunn, who requested the vendor to release her lien on the entire 140 acres. She did release the $5,000.00 lien on the 120 acres, but declined to release her lien on the twenty acres, which, as we have seen, was part of the two hundred acres encumbered by the $6,000.00 lien.

Thereupon G. E. Dunn brought this suit to compel her to execute such release. By an amended petition he offered to execute an indemnifying bond of $20,000.00 to indemnify her against loss in so doing. Bond was executed and approved by the court, and a decree entered granting the relief sought, and directing the master commissioner of the court to execute such release in the event defendant did not comply with the order of the court by a day specified. She failed to make the release, whereupon the master commissioner executed it upon the record in the county court clerk's office.

It does not clearly appear whether the court's ruling was based on the ground that defendant's lien on the twenty acres was released by the extension of time she gave Page on the $6,000.00 owed by him, or whether the ruling was based on the execution of the indemnifying bond, but we do not think either would justify the judgment.

Plaintiff was not a surety of Page, but the principal and original obligor; the fact that Page had assumed payment of this debt gave additional security thereon, but did not discharge that obligation. The 180 acres of land may have been sufficient security, possibly more than sufficient, but the original contract was not thereby changed. No estoppel is pleaded nor is it claimed that the property has declined in value or that plaintiff's condition has been changed by the extension of time to Page, hence, to hold that such extension operated as a release of plaintiff can only be sustained on the theory that it would constitute payment of plaintiff's note.

Under the facts of this case this does not seem to have been contemplated by the parties.

Mrs. Dunn retained plaintiff's note, and the subsequent transaction was from her standpoint but additional security.  At the maturity of Page's note, plaintiff could require her to enforce her lien as against Page or to release plaintiff's lien.  He gave her no notice in that respect and we cannot say that her action in granting an extension constituted payment as to plaintiff or a release of his lien.

Unquestionably the $20,000.00 indemnifying bond is sufficient security, but we are not aware of any rule of law authorizing a court to make a contract for parties or to compel a party to surrender the security acquired by contract, even though it betters her condition.

Wherefore, the judgment is reversed and cause remanded for proceedings consistent with this opinion.